IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| LYNN GOSS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 3:11-CV-4 (CAR) |
| CAROLYN W. COLVIN, Acting | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant.[1] | : | |
| | : | |

### ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES
### UNDER THE SOCIAL SECURITY ACT

Presently before the Court is Plaintiff's Motion for Attorney's Fees under the Social Security Act, 42 U.S.C. § 406(b) [Doc. 18]. Upon the Commissioner's Motion to Remand, that Plaintiff did not oppose, the Court reversed the Commissioner's decision and remanded the cause to the Commissioner for further proceedings on March 22, 2011.[2] On April 22, 2011, Plaintiff's counsel, Mr. Kent Silver, filed a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[3] Based on 5.5 hours of attorney work at a rate of $175.38 per hour and 5.5 hours of

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and is substituted for former Commissioner Michael J. Astrue as Defendant herein.  42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).
[2] [Doc. 11].
[3] [Doc. 13].

paralegal work at $65.00 per hour, Mr. Silver requested a total fee of $1,322.09.[4]  On June 10, 2011, this Court awarded Mr. Silver 4 hours of attorney time at $150.00 per hour and 4.5 hours of paralegal time at $65.00 per hour, for a total award of $892.50.[5]  Plaintiff's attorney now seeks an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $13,243.50, representing what he contends is 25% of Plaintiff's past due benefits.

The Court may determine and allow a reasonable contingency fee for representation of a social security appeal, so long as it is not in excess of 25%.[6]  If the requested fee is within the 25% limit, "the court must then determine 'whether the fee sought is reasonable for the services rendered.'"[7]  "[C]ourts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case."[8]

Here, the Court first concludes that Mr. Silver's requested fee of $1,322.09 is not within the 25% limit under § 406(b) or the fee agreement with Plaintiff.[9]  The Social Security Administration Notice that Mr. Silver submitted and relied upon in his request states the following: "Your past-due Social Security benefits are $49,789.00 for December 2008 through April 2013….We withheld $12,447.25 from your past-due

---

[4] [Doc. 13].
[5] [Doc. 15].
[6] 42 U.S.C. § 406(b)(1); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010).
[7] *Jackson*, 601 F.3d at 1271 (quoting *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002)).
[8] *Id.*
[9] Mr. Silver bases this fee amount off of an erroneous past-due benefit amount.

benefits to pay [your attorney]."[10] Consequently, the Court concludes that Mr. Silver's request for fees in the amount of $13,243.50 exceeds the amount permitted under § 406(b); the maximum amount of fees that Plaintiff's counsel is therefore entitled to $12,447.25.

Looking next to the matter of reasonableness, Plaintiff's attorney bears the burden of persuasion to "show that the fee sought is reasonable for the services rendered."[11] To assist with the Court's assessment regarding the reasonableness of the fees, the attorney may submit the fee agreement, a record of the hours spent representing the claimant, and a statement of the attorney's normal hourly billing charge for a non-contingency fee case.[12]

In his Brief in Support of Motion for Attorney's Fees, Mr. Silver lists several services that may be included in his representation of Plaintiff. However, after examination of the list, Mr. Silver did not provide many of the services in this case, such as: "researching, preparing and filing a brief in District Court;" "drafting a reply brief; preparing for and presenting oral argument; reviewing the Report and Recommendation of the Magistrate Judge, assessing it for issues requiring objection; reviewing the objections filed by the government and filing a response;" and

---

[10] [Doc. 18-1 at 4].
[11] *Gisbrechet*, 535 U.S. at 807, n. 17.
[12] *Gisbrecht*, 535 U.S. at 808.

"assess[ing] the [final order] for issues requiring appeal."[13]  Furthermore, while Mr. Silver cited a case with a list of factors to consider when determining the reasonableness of a fee, he did not provide the Court with sufficient information to determine the applicability of most of the listed factors to this case.  The Court finds that Mr. Silver has not met his burden of persuading the Court that the 25% contingency fee is reasonable in this case, and the Court must now determine a reasonable attorney's fee award.

Generally, the best indicator of the reasonableness of a contingency fee agreement in a social security case is the contingency percentage actually negotiated between the claimant and the attorney.[14]  "However, other factors that relate to reasonableness include whether there was unreasonable delay in the litigation caused by the attorney, the quality of representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing."[15]

In this case, Plaintiff agreed to pay her attorney "a fee equal to 25 percent of the past due benefits resulting from [her] claim."[16]  Mr. Silver testified that attorneys or paralegals spent 11 hours on this case, 5.5 attorney hours and 5.5 paralegal hours, and that he bills a non-contingent rate of $400.00 per hour.  There is no evidence that Mr. Silver caused any delay in this case.  Moreover, Mr. Silver is an experienced social

---

[13] [Doc. 18].
[14] *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1383 (S.D. Ga.2002) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990); *see also Savage v. Astrue*, 2010 WL 2012032, *2 (M.D. Ga. May 20, 2010).
[15] *Ramer v. Astrue*, 2011 WL 2457704, *1 (M.D. Fla. June 17, 2011); *see also Gisbrecht*, 535 U.S. at 808; *Savage*, 2010 WL 2012032, at *2.
[16] [Doc. 18-2].

security attorney, representing disability claimants since 1979. Mr. Silver's brief in support of the Complaint was well-organized and well-reasoned, and ultimately led to the reversal and remand of this case. Without Mr. Silver's representation, Plaintiff would likely not have received benefits.

However, Mr. Silver spent little time on this case in comparison to the past-due benefits received, which is precisely the type of downward adjustment the Supreme Court instructed in *Gisbrecht*. Mr. Silver filed with this Court a three-page boilerplate Complaint and a motion for leave to file *in forma pauperis*. While Plaintiff's chance of success was not likely, there was nothing complex or unique about this case. Moreover, based on the hours testified to by Mr. Silver, granting the full fee award requested would result in a *de facto* rate of $1,131.57 per hour for 11 hours of work, and $2,263.14 per hour for the 5.5 attorney work hours. A fee award of $12,447.25 for the small amount of time spent on this case constitutes a windfall.

Taking case law and the various above stated factors into account, the Court finds that $8,000.00, resulting in a de facto rate of $727.27 per hour (considering the total attorney and paralegal hours as 11),[17] which is between 1.5 and 2 times the non-contingent hourly rate of counsel, is a reasonable fee for the representation of Plaintiff

---

[17] Although the Court previously deducted a total of 2.5 hours from Mr. Silver's time in its prior order awarding attorney's fees, the Court employed a "lodestar" method to determine the amount of hours reasonably expended on litigation. [Doc. 11]; *Loranger v. Steirheim*, 10 F.3d 776, 781 (11th Cir. 1994). Now, however, the Court must apply the contingency fee method and not the lodestar method. Consequently, the Court need not now make the same 2.5 hour deduction.

in this case at the district court level.[18]  The reduction of attorney's fees renders an award that does not result in a windfall to counsel, yet still preserves the benefit of the contingency fee agreement.

The Court notes that Mr. Silver represented Plaintiff throughout her administrative proceedings with the Social Security Administration and that Mr. Silver was awarded $892.00 for that representation.  Mr. Silver recognizes that upon any award under § 406(b), he must refund to Plaintiff the hourly-rate EAJA of $892.00 already awarded.[19]

Based on the foregoing, Plaintiff's Motion for Attorney's Fees [Doc. 18] is **GRANTED**, and it is ordered that Plaintiff's attorney receive $8,000.00 in attorney's fees pursuant to 42 U.S.C. § 406(b).  Counsel is **DIRECTED** to refund to the Plaintiff the fee of $892.50 previously awarded by this Court under the EAJA.

**SO ORDERED**, this 16th day of August, 2013.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

LMH

---

[18] *See Price v. Astrue*, 2012 WL 5875615, at * 3 (M.D. Ga. 2012) (reducing 25% contingency fee award of $26,530.25 to $8,000.00 for total attorney and paralegal time of 11.6 hours); *Thomas v. Astrue*, 2010 WL 339787, *3 (M.D. Ga. Jan. 21, 2010) (reducing award to $500 per hour, which was between 1.5 and 2 times counsel's non-contingent hourly rate); *Savage*, 2010 WL 2012032, at *3 (granting an attorney's fee award which resulted in a de facto rate of $807.99); *Laprade v. Astrue*, 2008 WL 4735169, *1 (M.D. Ala. Oct. 20, 2008) (reducing the attorney fee award to $8,500 for 15 hours of work).

[19] [Doc. 18 at 3]; *Meyer v. Sullivan*, 958 F.2d 1029, 1035 n.12 (11th Cir. 1992) ("[W]here, in addition [to an award under § 406(b)], the plaintiff obtains an award of attorney's fees under the EAJA, the plaintiff is simply reimbursed for the fees that, pursuant to the SSA, are taken out of past-due benefits.").